# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARKEESE KREA'SHAWN PHELPS, )<br>)<br>       **Plaintiff,**   )<br>)<br>v.                              )<br>)<br>REESE LANE et al.,        )<br>)<br>       **Defendants.**   ) | Case No. CIV-14-49-HE |

## REPORT AND RECOMMENDATION

Plaintiff Markeese Krea'shawn Phelps filed this 42 U.S.C. § 1983 action in January 2014, identifying himself as a pro se litigant incarcerated at Payne County Jail in Stillwater, Oklahoma. This matter was referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Since requesting and receiving leave to proceed *in forma pauperis*, filing an amended complaint, and submitting some initial motions, Plaintiff has taken no further action in this case. In light of Plaintiff's failure to prosecute his case and to comply with this Court's orders and applicable rules, the Court should dismiss this matter without prejudice.

### I.    Background

When Plaintiff Markeese Krea'shawn Phelps initiated the present action, he was in the custody of the Payne County Jail in Stillwater, Oklahoma. *See* Compl. (Doc. No. 1). Plaintiff was granted leave to proceed *in forma pauperis* and ordered to pay an initial partial filing fee of $6.56. Order of Jan. 31, 2014 (Doc. No. 4). Plaintiff made a $10.00 payment toward his filing fee and now has a $340.00 balance due. *See* Doc. No. 6; *see*

*also* Order to Agency (Doc. No. 11). No further payments have been submitted by either Plaintiff or the Payne County Jail.

The Payne County Jail returned the Court's transmission of previous orders to Plaintiff with the notation: "Not Here." *See* Doc. No. 12, at 5. No alternative address was provided.

The undersigned ordered Plaintiff to file notice of his change of address with the Clerk of the Court no later than August 19, 2014. *See* Order of July 29, 2014 (Doc. No. 13); LCvR 5.4(a). Plaintiff also was directed to file an updated application for leave to proceed *in forma pauperis* no later than August 19, 2014. Plaintiff was advised: "Failure to comply with this Order may result in the dismissal of this action." *See* Order of July 29, 2014; LCvR 3.2, 3.3; *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996).

The Court Clerk sent a copy of the Court's order, a change of address form, and *in forma pauperis* application forms to Plaintiff at the Payne County Jail, which is his last known address. LCvR 5.4(a); *cf.* Fed. R. Civ. P. 5(b)(2)(C). This mailing was refused by the Payne County Jail and returned with the notation: "RETURN TO SENDER / REFUSED / UNABLE TO FORWARD." *See* Doc. No. 14. To date, Plaintiff has not filed a change of address form or otherwise informed the Court of his new address.

II.     **Plaintiff's Failure to Prosecute and to Comply with the Court's Orders**

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme*

*Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

Local Civil Rule 5.4(a) requires any litigant to promptly notify the Court whenever his or her address changes during the pendency of the litigation. This requirement is especially important when a litigant is released from custody during the pendency of litigation because of the special requirements applicable to consideration of *in forma pauperis* status for prisoners. *See* 28 U.S.C. §§ 1915(a)(2), (b)(1); LCvR 3.3(b)-(c).

Although Plaintiff is representing himself in this case, he is obligated by Local Civil Rule 5.4(a) to notify the Court of any change in his mailing address, *see Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007), which he has failed to do. This failure has left the Court unable to communicate with Plaintiff regarding this lawsuit, to collect any of the $340.00 filing fee still owed by Plaintiff, or to evaluate Plaintiff's current ability to pay this fee.

Plaintiff's failure to prosecute his action and to comply with the Court's orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a

3

court to dismiss suits for lack of prosecution on its own initiative). The Court has provided Plaintiff ample notice of the possibility of dismissal. Any additional notice would be futile given that the Court's mailings will not be received by Plaintiff. Accordingly, the undersigned recommends that the Court dismiss this action without prejudice to refiling. *See, e.g., Thornton v. Estep*, 209 F. App'x 755, 757 (10th Cir. 2006); *Lauman v. Corr. Healthcare Mgmt. of Okla., Inc.*, No. CIV-08-137-D, 2008 WL 4147566, at *1-2 (W.D. Okla. Sept. 2, 2008).

### III. Recommendation and Notice of Right to Object

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice. The Court Clerk is directed to send a copy of this Report and Recommendation to Plaintiff's last known address.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 15, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 25th day of August, 2014.

*[signature]*
_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE